UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDDIE ROBINSON,<br><br>                              Plaintiff,<br><br>              -against-<br><br>THE DIVISION OF PAROLE, et al.,<br><br>                              Defendants. | 20-CV-5470 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Robert N. Davoren Complex at Rikers Island, brings this action *pro se*. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this court or submit a completed request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months.

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

*See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint with a prisoner authorization but without a completed IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 20-CV-5470 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: July 21, 2020
       New York, New York

                                           COLLEEN McMAHON
                                     Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous, malicious, or for failure to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.