UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDIE ROBINSON,

                        Plaintiff,

-against-

THE DIVISION OF PAROLE, et al.,

                        Defendants.

20-CV-5470 (CM)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP FOR RELEASED
PRISONER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, was detained at Rikers Island when he filed this action. He was, therefore, a "prisoner" as defined in the Prison Litigation Reform Act (PLRA)[1] and subject to the PLRA's restrictions. *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted). Under the PLRA, a prisoner proceeding *in forma pauperis* (IFP), for example: (1) must pay the $350.00 filing fee in installments withdrawn from his prison trust fund account, 28 U.S.C. § 1915(b)(1); and (2) can be disqualified from proceeding IFP, that is, without prepaying the filing fee, if he has previously filed three federal civil actions (or appeals), while he was a prisoner, that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, § 1915(g) (the "three strikes" rule).[2]

---

[1] Under the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

[2] A plaintiff who was a prisoner at the time of filing his complaint is also required to have exhausted available prison administrative remedies. *See* 28 U.S.C. § 1997e(a).

On October 6, 2020, the Court received a letter from Plaintiff indicating that he is no longer incarcerated and providing his new address.[3] (ECF No. 12.) Upon a prisoner's release, "his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [IFP] status." *McGann v. Comm'r of Soc. Sec.*, 96 F.3d 28, 30 (2d Cir. 1996). "A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." *Id.*

Because Plaintiff has been released from incarceration, his financial situation may have changed. Thus, if Plaintiff wishes to prosecute this action and proceed IFP, he must complete and submit an amended IFP application within thirty days. Alternatively, Plaintiff may pay the $400.00 in fees, which includes the $350.00 filing fee and a $50.00 administrative fee that applies to litigants who are not proceeding IFP.[4] If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action without prejudice to Plaintiff's refiling the action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this Court or complete and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 20-CV-5470 (CM). No summons shall issue at this time. If Plaintiff fails to

---

[3] The docket in this action has been updated to reflect Plaintiff's new address.

[4] On December 1, 2020, the filing fees required to file a federal civil action increased to $402.00 – a $350.00 filing fee plus a $52.00 administrative fee. Because Plaintiff's action was filed prior to December 1, 2020, the increased filing fees do not apply to this action.

comply with this order within the time allowed, the Court will dismiss this action without prejudice to Plaintiff's refiling this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  February 10, 2021
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge