UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDIE ROBINSON,

                              Plaintiff,

                    -against-

THE DIVISION OF PAROLE, et al.,

                              Defendants.

20-CV-5470 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff, while detained on Rikers Island, filed this *pro se* action under 42 U.S.C. § 1983,

alleging that Defendants violated his rights in parole revocation proceedings. Plaintiff has since

been released from custody and has paid the filing fees for this action. The Court dismisses this

action for the reasons set forth below.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's complaint,

or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court

must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Shortly after initiating this action, Plaintiff filed an amended complaint naming as defendants the New York State Division of Parole ("Parole"), Parole Officer S. Moore, and two John Doe hearing officers. (ECF 7.) Thereafter, Plaintiff submitted a second amended complaint in which he requests an injunction but fails to provide any facts concerning the events giving rise to his claims; rather, he simply refers the Court to the amended complaint. (ECF 11.) The Court therefore will treat the amended complaint (ECF 7) as the operative pleading for this action.

The following facts are taken from the amended complaint: on June 4, 2020, while Plaintiff was waiting to see Parole Officer Moore at a Parole office in Brooklyn, New York, a parole violation warrant was issued and executed against Plaintiff.[1] He was taken into custody although he was not "detained for any crime, nor was [he] on the run from parole." (*Id*. at 7.)

On June 15, 2020, Parole held Plaintiff's preliminary parole revocation hearing by telephone rather than in-person because of the COVID-19 pandemic. Parole brought in as an

---

[1] N.Y. Comp. Codes R. & Regs. (N.Y.C.R.R.) tit. 9 § 8004.2(c) provides that:

A warrant for retaking and temporary detention may issue when there is a reasonable cause to believe that the releasee has lapsed into criminal ways or company, or has violated the conditions of his release in an important respect. Reasonable cause exists when evidence or information which appears reliable discloses facts or circumstances that would convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that a release has committed the acts in question or has lapsed into criminal ways or company.

eyewitness a police officer who "attest[ed] to the fact that he arrested [Plaintiff] on 5/29/2020, but the violations happen[ed] when the officer never ever stated [n]or could he state that [Plaintiff] was that person because the hearing was held by telephone alone." (*Id*. at 8-9.) During the proceeding, Parole "gun down all [of Plaintiff's] counsel objections to the fact that the hearing was in violation of [Plaintiff's] constitutional rights" and determined that there was sufficient reasons to hold Plaintiff over for a final parole revocation hearing.[2]

On June 25, 2020, Parole held Plaintiff's final revocation proceeding by telephone, "stat[ing] on the record that these hearings were being held in this manner because of (Covid-19)," although at the same time "criminal courts were holding video preliminary hearings" for pretrial detainees. (*Id*. at 9.) Parole found that Plaintiff had violated the conditions of his parole and sentenced him to an "unconstitutional and illegal 90 day prison sentence." (*Id*. at 10.)

Plaintiff brings this action asserting that Parole's "new custom and practice" for parole hearings, implemented in April 2020 – particularly the practice of holding preliminary and final hearings over the telephone – is unconstitutional because it violates his rights to due process and equal protection. He claims that "[P]arole intentionally and deliberately went against [New York Executive Law §259-i] to serve the[ir] own personal needs so that hearings could be held (unconstitutionality) within the 90 day statute so parolees could not be release and [P]arole cannot use (Covid-19) to trump the U.S. [C]onstitution[]." (*Id*. at 6.) Plaintiff contends that because criminal courts are able to hold proceedings by video while Parole is conducting revocation proceedings only by telephone, Parole is in essence "stating that [he does] not as a

---

[2] Generally after issuance of a parole violation warrant, a parolee's parole revocation proceedings begin with a preliminary hearing, and if the parolee is found to be delinquent, a final hearing will be scheduled not more than ninety days after the preliminary hearing took place. 9 N.Y.C.R.R. § 8005.17(a).

parolee have a right to the constitutional state and federal standards that are mandated statutorily, by giving [him] the right to confront a witness use[d] as a[n] eyewitness, or for a visual identification of a defendant as one who has committed a crime." (*Id*. at 9.) Plaintiff also asserts that, "[b]ecause [P]arole ha[s] officially sanctioned and order that these types of hearings be held pursuant to a[n] illegal and unconstitutional custom and practice, [P]arole as a municipal[ity] is liable to [him] for money damages under § 1983 and state tort claims for [his] illegal and unconstitutional detainment and imprisonment." (*Id*. at 10.)

## DISCUSSION

### A.    Claims against the New York State Division of Parole

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against Parole are therefore barred by the Eleventh Amendment and must be dismissed.[3] *See* 28 U.S.C. § 1915A(b)(2).

---

[3] Plaintiff also names Parole Officer Moore and the two hearing officers as defendants because of their involvement in the revocation of his parole. Generally, state officials, such as parole officers, have absolute immunity for "judicial acts" and "acts that are prosecutorial in nature," but only enjoy qualified immunity for acts that are not "integrally related to the judicial process," because they are administrative or investigatory in nature. *Scotto v. Almenas*, 143 F.3d 105, 110-113 (2d Cir. 1998). "Parole officers . . . receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing

**B.     Challenge to Parole Revocation Proceedings**

Plaintiff brings this action challenging his parole revocation proceedings. He asserts that Parole's new procedures for parole hearings by telephone, implemented because of the COVID-19 pandemic, violate his rights to due process and equal protection. But Plaintiff, at this stage, is not entitled to damages in connection with the revocation of his parole. The United States Supreme Court has held that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

Success in this § 1983 action challenging the validity of the revocation of Plaintiff's parole would necessarily demonstrate the invalidity of that decision. As the revocation of

---

officers, because such acts are prosecutorial in nature." *Id.* at 112. But they receive only qualified immunity for preparing violation reports and recommending an arrest warrant. *Id.*

The hearing officers who presided over Plaintiff's revocation proceedings are likely entitled to absolute immunity because their actions were judicial in nature. But it is not clear whether either type of immunity would apply to Parole Officer Moore because Plaintiff does not provide specific facts about what she did or failed to do. But the Court need not decide the issue because, as discussed below, Plaintiff fails to state viable claims for relief concerning his parole revocation proceedings.

Plaintiff's parole has not been reversed or called into question in any way by a court authorized to do so, Plaintiff's claim for money damages is barred. *See* 28 U.S.C. § 1915A(b)(1).

To the extent Plaintiff wishes to challenge the revocation of his parole, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson*, 544 U.S. at 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)). But before challenging the revocation of his parole, Plaintiff must first exhaust all available state-court remedies, including any available administrative appeals and state-court proceedings, such as an Article 78 proceeding. *See, e.g.*, *Smith v. Smith*, No. 17-CV-0258, 2018 WL 557877, at *5 (N.D.N.Y. Jan. 22, 2018) (discussing exhaustion options in context of a parole revocation). Then, after exhausting all available state court remedies, Plaintiff may file in this Court a petition for a writ of *habeas corpus*.

Because Plaintiff has not exhausted his state court remedies, the Court declines to construe this § 1983 complaint as a *habeas corpus* petition.

## C.    Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's action, for which he paid the filing fees, is dismissed pursuant to 28 U.S.C. § 1915A(b)(1), (2). All other pending matters in this case are terminated.

SO ORDERED.

Dated:   March 23, 2021
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.